UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ANTHONY W. PROFIT** | **CIVIL ACTION NO. 09-1838** |
| **VS.** | **SECTION P** |
| **OUACHITA PARISH** | **CHIEF JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

### REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, plaintiff Anthony W. Profit filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on October 19, 2009. Plaintiff is a pre-trial detainee who is incarcerated at the Ouachita Parish Corrections Center awaiting trial on felony charges of aggravated criminal damage to property and simple burglary which are pending in the Fourth Judicial District Court under Docket Number 08-F-2222. Plaintiff complains that he has been deprived of due process and equal protection with regard to this pending prosecution and he prays for an "inquiry into violations" and an award of punitive and compensatory damages. He named Ouachita Parish as his sole defendant. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that these proceedings be **STAYED** pending the outcome of the on-going criminal prosecution in the Fourth Judicial District Court.

### *Background*

On January 12, 2009, plaintiff filed a *pro se* pleading in this court which was construed as a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. §2241. In that pleading plaintiff

alleged that he was arrested on August 12, 2008, and charged with aggravated criminal damage to property and simple burglary and was awaiting trial on those charges in the Fourth Judicial District Court, Ouachita Parish in the matter entitled *State of Louisiana v. Anthony Profit*, Docket Number 08-F-2222. In his *pro se* pleading, plaintiff implied that the ongoing prosecution on those charges violated the constitutional prohibition against double jeopardy. Plaintiff was directed to amend his petition and to use the form provided for prisoners seeking *habeas corpus* relief. When plaintiff failed to comply with that order, his pleadings were struck from the record. See *Anthony Profit v. Ouachita Parish Correctional Center*, No. 3:09-cv-0069.[1]

Thereafter, on October 19, 2009, he filed the instant complaint alleging that his due process and equal protection rights were violated (a) when his preliminary hearing was closed; (b) by the Court's double jeopardy determination; (c) when the burden of proof beyond a reasonable doubt and the presumption of innocence was denied to him; (d) by the filing of a false offense report; and, (e) when he was denied the right to appointed counsel to appeal the trial court's determination of the Double Jeopardy issue. [Doc. 1]

Then, on November 16, November 30, December 10, and December 14, 2009, plaintiff filed a series of hand-written pleadings citing various cases and legal axioms; however, none of these additional pleadings provided any factual support for his claims. [Docs. 4-13]

On December 21, 2009, the undersigned completed an initial review of the complaint and associated pleadings and directed plaintiff to amend his complaint, to provide more specific

---

[1] In an amended complaint filed herein, plaintiff asserted that his previous *habeas* corpus filing was in the nature of an application for *certiorari*. [Doc. 15]

information, and to specify the status of the complained of criminal charges.[2] [Doc. 14]

On January 6, 2010, plaintiff filed an amended complaint in which he alleged, among other things, fault on the part of the defendant as follows: "'Ouachita Parish' is providing a tribunal in which accused is not afforded 'due process of law.'" [Doc. 15, p. 2] He also alleged that all charges remain pending. [*Id.*, p. 4]

On January 7, 2010, plaintiff filed a *pro se* pleading entitled "Judicial Notice" in which he again cited various legal axioms relative to the issue of double jeopardy. [Doc. 16] On January 11, 2010, he filed a "Complaint Amendment" in which he took issue with an alleged misstatement of fact contained within a police report. [Doc. 17] On January 13, 2010, he filed another "Complaint Amendment" in which he alleged that Ouachita Parish was not providing counsel for his "first appeal of right" of the Double Jeopardy issue. He also complained that the Monroe City Court lodged a "detainer" based on pending misdemeanor charges and that the

---

[2] In that order the undersigned observed, "Plaintiff's complaint is vague with regard to the specific nature of his claims. Further, he has named a single defendant – Ouachita Parish – however, he has alleged no fault on the part of this local governmental entity. With regard to each claim for relief, plaintiff should provide more factual detail in support of his claims that the defendant denied him due process and equal protection rights (a) when his preliminary hearing was closed; (b) by the Court's double jeopardy determination; (c) when the burden of proof beyond a reasonable doubt and the presumption of innocence was denied to him; (d) by the filing of a false offense report; and, (e) when he was denied the right to appointed counsel for his appeal of right."

Plaintiff was also advised, "The parochial governing authority may not be held liable for a civil rights violation under a theory of *respondeat superior* or vicarious liability. See *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir.2003). Local governing authorities can be found liable pursuant to 42 U.S.C. § 1983, only where the governing authority itself causes the constitutional violation at issue, for example, by establishing an unconstitutional policy or custom. See *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). To recover under these circumstances, a plaintiff must demonstrate "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir.2002) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.2001)). Plaintiff should amend his pleading to allege such a violation, or, he should dismiss his claims against Ouachita Parish."

3

action of the Court amounts to Double Jeopardy. [Doc. 18] On January 21, 2010, plaintiff filed yet another "Complaint Amendment" in which he alleged that various actions and proceedings conducted by Ouachita Parish amounted to "plain error" which renders the proceedings a "nullity." [Doc. 19] On January 29, 2010, he filed yet another "Complaint Amendment" alleging that the on-going prosecution in the Fourth Judicial District Court amounts to a violation of Double Jeopardy. [Doc. 20] On February 1, 2010, he filed yet another "Complaint Amendment" arguing that the City Court detainer was a nullity based upon principals of Double Jeopardy. [Doc. 21]

## *Law and Analysis*

It appears that plaintiff contests his arrest, prosecution, and continued detention. He maintains that he is a pre-trial detainee and the complained of prosecution is on-going. Plaintiff seeks money damages – both compensatory and punitive – based upon alleged violations of his Constitutional rights.[3]

Of course, if plaintiff is ultimately convicted of these now pending charges, he may not be entitled to seek damages for the wrongful arrest, detention, and prosecution until such time as the

---

[3] Plaintiff has asked the Court to make an "inquiry into [the] violations," however, the undersigned does not construe this as a request to enjoin the on-going State Court prosecution. Indeed, were that the case, the undersigned would recommend abstention pursuant to the *Younger* Doctrine. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts must not exercise their jurisdiction in equity to enjoin state criminal prosecutions absent truly extraordinary circumstances. Id. at 44. There is a three-prong test for determining whether the *Younger* abstention doctrine is applicable: (1) the dispute must involve an "ongoing state judicial proceeding," (2) an important state interest in the subject matter of the proceeding must be implicated, and (3) the state proceedings must afford an adequate opportunity to raise constitutional challenges. *Wightman v. Tex. Supreme Ct.*, 84 F.3d 188, 189 (5th Cir.1996). If those factors are satisfied, then the federal court may only enjoin a pending state criminal court proceeding if: (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) application of the doctrine was waived. *Younger*, 401 U.S. at 49, 91 S.Ct. 746; *Trainor v. Hernandez,* 431 U.S. 434, 446, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977); *DeSpain v. Johnston*, 731 F.2d 1171, 1180 (5th Cir.1984).

conviction in question has been declared invalid. See *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), which held:

> ... in order to recover damages for allegedly unconstitutional ... imprisonment or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of writ of *habeas corpus*, 28 U.S.C. § 2254...
>
> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, at 486-487.

*Heck* prohibits the use of § 1983 complaints as a means of collaterally attacking outstanding state convictions.

On the other hand, since, according to plaintiff, the criminal prosecution remains pending, *Heck* does not apply. See *Wallace v. Kato*, 549 U.S. 384 (2007) (The *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges.) However, federal courts have been authorized to stay civil rights claims attacking the legality of a detainee's arrest, prosecution, and detention until such time as the allegedly improper state prosecution has been concluded. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ( "If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court ... to stay the civil action until the criminal case ... is ended.")

5

*Conclusion and Recommendation*

Based on the foregoing

**IT IS RECOMMENDED THAT t**his action be **STAYED** under the following conditions:

> a. If plaintiff intends to proceed with his claims, within thirty (30) days of the date the criminal proceedings against him have concluded he must file a motion asking the court to lift the stay.
>
> b. If the stay is lifted and the court finds plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under *Heck*; if no such finding is made, the action will proceed at that time, absent some other bar to suit. See *Wallace*, 127 S.Ct. at 1098.[4]
>
> c. In light of the stay, plaintiff should not file any more documents in this action until the state court proceedings have concluded.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b),**

---

[4] **PLAINTIFF IS AGAIN ADVISED TO HEED THE WARNING CONTAINED IN FOOTNOTE 2, *SUPRA*.**

**shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, February 16, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE