# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| ANTHONY W. PROFIT | CIVIL ACTION NO. 09-1838 |
| VERSUS | JUDGE ROBERT G. JAMES |
| OUACHITA PARISH | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is Plaintiff's civil rights Complaint, filed pursuant to 42 U.S.C. §1983, on October 19, 2009. On February 16, 2010, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 25], recommending that the Court stay Plaintiff's action pending the outcome of his state court trial on felony charges of aggravated criminal damage to property and simple burglary. On the same date, the Magistrate Judge issued an Order [Doc. No. 24] denying Plaintiff's Motion for Appointment of Counsel [Doc. No. 23].

Following the issuance of the Magistrate Judge's February 16, 2010 Report and Recommendation and Order, Plaintiff filed five Amended Complaints [Doc. Nos. 26, 27, 28, 29 & 32], two sets of Objections to the Magistrate Judge's Report and Recommendation [Doc. Nos. 30 & 31], an appeal of the Magistrate Judge's Order denying appointment of counsel [Doc. No. 33], a response to the Clerk of Court's notice of motion setting on the appeal [Doc. No. 34], and a declaration [Doc. No. 35].

After reviewing the record, including Plaintiff's filings, on April 21, 2010, the Court adopted the Report and Recommendation of the Magistrate Judge and stayed the case under the following conditions:

a.  If Plaintiff intends to proceed with his claims, within thirty (30) days of

> the date the state court criminal proceedings against him have concluded, he must file a motion asking this Court to lift the stay.
>
> b. If the stay is lifted and the Court finds Plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994); if no such finding is made, the action will proceed at that time, absent some other bar to suit. *See Wallace v. Kato*, 549 U.S. 384 (2007).
>
> c. In light of the stay, Plaintiff should not file any more documents in this action until the state court proceedings have concluded.

[Doc. No. 37]. Additionally, the Court denied Plaintiff's appeal of the Magistrate Judge's Order, affirming her denial of Plaintiff's Motion to Appoint Counsel.

On or about May 10, 2010, Plaintiff appealed the Court's Ruling and Judgment [Doc. Nos. 37 & 38] to the United States Court of Appeals for the Fifth Circuit. [Doc. No. 39].

On February 11, 2011, the Fifth Circuit dismissed Plaintiff's appeal as frivolous [Doc. No. 49], and the case was subsequently returned to this Court.

On April 4, 2011, Plaintiff filed a Motion to Lift Stay and two-page document styled "Complaint Amendment." [Doc. No. 50]. In the motion, Plaintiff admitted that he had been convicted of some crime, but argued that *Heck v. Humphrey* does not require dismissal of his civil rights case because the conviction had already been "invalidated" by "'operation of law.'" [Doc. No. 50, p. 1]. According to Plaintiff, the "conviction of the lesser included offense" in his case was precluded because he was acquitted of the "greater offense." *Id.* In the "Complaint Amendment," Plaintiff cited case law which purportedly supports his contention that his

2

conviction was unconstitutional.

On April 7, 2011, the Court issued a Memorandum Order [Doc. No. 51], granting Plaintiff's Motion to Lift Stay and allowing Plaintiff to amend his Complaint. The Court then ordered that, by April 27, 2011, Plaintiff file "(1) a memorandum detailing the status of his case, including when he was convicted and of what crime(s) and (2) copies of the relevant state court pleadings." [Doc. No. 51, p. 2].

Plaintiff did not comply with the Court's April 7, 2011 Order. Therefore, on May 3, 2011, the Court issued another Memorandum Order [Doc. No. 52]. In that Order, the Court informed Plaintiff that if he failed to comply with the Court's April 7, 2011 Order within fourteen (14) days, his case would be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b). The May 3, 2011 Order was mailed to Plaintiff at his last known place of confinement.

However, on May 11, 2011, the Court's May 3, 2011 Order was returned, marked "rts/not here." [Doc. No. 53]. Since that time, Plaintiff has not updated his address with the Court, has not filed a response to the Court's April 7, 2011 Order, and has not contacted the court seeking an extension of time within which to respond.

Federal Rule of Civil Procedure 41(b) permits dismissal of claims "[f]or failure of the plaintiff to prosecute or to comply with . . . any order of court." The district court also has the inherent authority to dismiss an action *sua sponte*. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Plaintiff's Complaint is

ripe for dismissal pursuant to Rule 41. The Court will dismiss Plaintiff's case without prejudice and subject to his right to move to re-open the case for good cause shown within thirty (30) days of the date this Ruling and Judgment are filed.

MONROE, LOUISIANA, this 23rd day of May, 2011.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE